OPINION *Page 2 
{¶ 1} Plaintiff-appellant Elbert Duley appeals the decision of the Belmont County Common Pleas Court which denied his Civ. R. 60(B)(5) motion for relief from a judgment that had dismissed his petition for a writ of habeas corpus. Appellant contends that he is entitled to release after serving seventy percent of the maximum limit of his indefinite sentence as a result of good time credit. However, under the statute relevant to appellant's sentence, good time credit only applies to reduce a definite sentence or the minimum limit of an indefinite sentence. As the Supreme Court has held, this statute only provides a right to an accelerated initial parole hearing on an indeterminate sentence, rather than granting a right to a reduction of the maximum term. Thus, the trial court's decision to dismiss appellant's habeas petition was correct, and the trial court's subsequent decision to deny relief from judgment is affirmed.
 STATEMENT OF THE CASE {¶ 2} As a result of incidents occurring on May 13, 1996, appellant pled guilty to attempted rape, attempted felonious sexual penetration and two counts of gross sexual imposition. In return, the state dismissed six other charges. On October 4, 1996, appellant was sentenced concurrently to definite terms of two years on the gross sexual imposition offenses and indefinite terms of three to fifteen years on the two more serious counts. He was granted credit for one day of jail time served, and he began serving his sentence on October 21, 1996. He was denied parole after his first parole hearing in September 1998.
 {¶ 3} In late 2006, appellant filed a petition for a writ of mandamus against the Ohio Department of Rehabilitation and Corrections (ODRC) and the Ohio Adult Parole Authority (OAPA) asking the Tenth Appellate District to order those respondents to abide by some trial court case which held that good time credit requires reduction of a defendant's maximum sentence and thus requires release after serving seventy *Page 3 
percent of the maximum sentence. See State ex rel. Coleman v.Mitchell (May 10, 2000), Richland County Case No. 00-116H (granting habeas relief). Appellant asked for this same favorable interpretation of former R.C. 2967.19, which provided in part that a prisoner was entitled to a deduction from his "minimum or definite sentence" of thirty percent of the sentence, prorated for each month of good time. R.C. 2967.19(A) (in effect until July 1, 1996). See, also, R.C. 2967.19(F) (the total of any diminution in sentence shall not exceed thirty percent of the minimum or definite sentence).
 {¶ 4} The Tenth District dismissed appellant's mandamus action on the grounds that former R.C. 2967.19 only allowed reduction of good time credit from the minimum or definite sentence and appellant was not entitled to relief. State ex rel. Duley v. ODRC, 10th Dist. No. 06AP-1221, 2007-Ohio-2011, ¶ 6-7 (opinion plus adoption of appellate magistrate's decision). Besides citing to the statute's plain language, the Tenth District also relied on a Supreme Court holding. Id. at ¶ 4-6, citing State ex rel. Vaughn v. Money, 104 Ohio St.3d 322,2004-Ohio-6561.
 {¶ 5} On June 20, 2007, appellant filed a petition for a writ of habeas corpus against the warden of the Belmont Correctional Institution, who is the appellee herein. Appellant noted that he recently surpassed the seventy percent mark (referred to in theColeman case) in his maximum fifteen-year sentence. (Seventy percent of fifteen years {one hundred eighty months} is one hundred twenty-six months; he had served one hundred twenty-eight months at that point and allegedly earned fifty-four months of good time credit). Since he claimed to have earned the maximum good time credit of thirty percent, he urged that he was entitled to be released from prison. He relied on the Coleman trial court case in support.
 {¶ 6} The warden filed a motion to dismiss under Civ. R. 12(B)(6), citing the plain language of R.C. 2967.19 and various Supreme Court cases to support her conclusion that good time credit does not reduce the maximum term of an indefinite sentence and is solely used to accelerate the first date on which an offender is eligible for parole. Appellant filed a reply, attempting to distinguish one of the Supreme Court cases and arguing that the warden's argument was not proper in a dismissal motion and was barred by Coleman and the doctrine of stare decisis. *Page 4 
 {¶ 7} On August 10, 2007, the trial court sustained the warden's motion to dismiss the habeas action. The court failed to order the clerk to serve the parties; however, the clerk noted on the judgment that the parties had been served, and the docket states that the parties were served on the same day as the entry's filing. Yet, appellant apparently did not receive this entry because on September 19, 2007, he wrote the court a letter asking why no action had been taken on the matter.
 {¶ 8} Appellant acknowledges that on September 21, 2007, the clerk mailed appellant a copy of the court's August 10, 2007 dismissal entry. In fact, he placed in the trial court record the envelope from the clerk's office showing a September 21, 2007 postmark. He also affirmed that he received the entry on September 25, 2007. Rather than appealing at that time, appellant filed a motion for relief from judgment under Civ. R. 60(B)(5) on October 12, 2007.
 {¶ 9} In the motion, appellant reiterated that the warden's arguments were not the proper topic for dismissal of a complaint. He then disagreed with the Supreme Court's interpretation of the legislative intent regarding former R.C. 2967.19 and again asked the court to upholdColeman. He urged that the word "definite" in the statute meant both definite terms of imprisonment and maximum terms of an indefinite sentence, like his fifteen-year maximum.
 {¶ 10} On November 27, 2007, the trial court overruled appellant's motion for relief from judgment, finding that he was not entitled to release. On December 20, 2007, appellant filed notice of appeal. Although he twice listed the appeal as being only from the November 27, 2007 entry, he also attached the trial court's August 10, 2007 entry.
 ASSIGNMENTS OF ERROR {¶ 11} Appellant sets forth the following two assignments of error on appeal:
 {¶ 12} "TRIAL COURT ABUSED ITS DISCRETION IN DENYING RELIEF FROM JUDGMENT."
 {¶ 13} "TRIAL COURT COMMITTED PLAIN ERROR IN GRANTING MOTION TO DISMISS."
 {¶ 14} Initially, we point to appellant's statement that he filed for relief from judgment instead of appealing from the August 10, 2007 entry because he believed his *Page 5 
appellate rights had already expired due to the lack of service. However, appellant should have filed a notice of appeal after receiving the trial court's entry on September 25, 2007. Even if he feared we would reject his appeal on timeliness grounds, he would have had the motion for relief pending in the trial court as back-up. A motion for relief from judgment is not a substitute for appeal and does not extend the time for perfecting an appeal from the original judgment. Key v.Mitchell (1998), 81 Ohio St.3d 89, 90-91.
 {¶ 15} We also point out that the ODRC, for whom the warden works, was already instructed that it cannot credit appellant's sentence with his good time because good time credit only applies to shorten the time within which an inmate becomes eligible for parole and does not shorten the maximum term of an indeterminate sentence. Duley, 10th Dist. No. 06AP-1221.
 {¶ 16} In addition, appellant is apparently unaware that a trial court's decision in some other inmate's case does not provide stare decisis to any appellate court. The cited Coleman case is certainly not binding upon us and is barely even persuasive authority for an appellate court.
 {¶ 17} In any event, appellant has not established a meritorious claim or defense under Civ. R. 60(B). See GTE Automatic Elec, Inc. v. ARCIndus., Inc. (1976), 47 Ohio St.2d 146, 150-151 (movant must not only file a timely motion but must allege operative facts indicating a meritorious claim or defense and the existence of one of the five 60(B) grounds for relief). Similarly, he could not prevail even if this was in fact the direct appeal from the trial court's dismissal of his habeas action. That is, we cannot interpret R.C. 2967.19 as appellant desires. Contrary to his suggestions, we cannot overturn or ignore the various Supreme Court cases, which are in fact binding upon this court as precedent.
 {¶ 18} The warden relies on a Supreme Court case stating that the reason that former R.C. 2967.19 reduces the minimum, rather than the maximum, sentence is clearly to enable earlier parole eligibility, not to allow prisoners to unilaterally shorten their court-imposed sentence.State ex rel. Vaughn v. Money, 104 Ohio St.3d 322, 2004-Ohio-6561, ¶ 9, citing Gavrilla v. Leonard, Ross App. No. 01CA2638, 2002-Ohio-6144, ¶ 12. The Court explained that nothing in former R.C. 2967.19 warrants *Page 6 
continued application of good-time credits to an inmate who has already received a parole hearing. Id. at ¶ 10, 11. See, also, Ridenour v.Randle, 96 Ohio St. 3d 90, 2002-Ohio-3606, ¶ 9 (holding that R.C. 2967.19 merely reduced the minimum term of an inmate's indeterminate life sentence and did not entitle him to release from prison before he served the maximum term).
 {¶ 19} Although the statements appear favorable in general, theVaughn case is not as strong support as the warden believes because it dealt with life sentences. Life sentences had more specific treatment under division (B) of R.C. 2967.19, which specifically mentioned parole eligibility. Thus, we shall consider the reasoning announced therein, but we rely instead on the following more appropriate cases.
 {¶ 20} As the warden notes, the Supreme Court once dismissed an original action filed by eleven prisoners. State ex rel. Lanham v. OhioAdult Parole Auth. (1997), 80 Ohio St.3d 425. The Court denied the claims of entitlement to good time credit by holding that formerR.C. 2967.19 does not reduce the maximum term of an indeterminatesentence. Id. at 427, citing Elkins v. Holland (Mar. 23, 1995), 3d Dist. No. 1-94-83 (involving an indeterminate sentence of three to five years).
 {¶ 21} The Supreme Court subsequently reiterated that former R.C. 2967.19 does not entitle an inmate to be released from prison before he serves the maximum term of his indeterminate sentence. State ex rel.Johnson v. Ohio Dept. of Rehab. Corr. (2002), 95 Ohio St.3d 70, 71
(indeterminate sentence of four to fifteen years). See, also, Hanes v.Haviland (2001), 93 Ohio St.3d 465, 465 (indeterminate sentence of six to fifteen years); State ex rel. Bealler v. Ohio Adult Parole Auth.
(2001), 91 Ohio St.3d 36, 36 (also a non-life sentence). Thus, the warden's position here is established in the case law.
 {¶ 22} Finally, the effect of the Lanham and Hanes cases, among others, dispose of appellant's contention that dismissal was not the proper stage to address the legal issues concerning former R.C. 2967.19. In any case, it is well-established that purely legal issues can be resolved pursuant to a motion to dismiss where the face of the complaint and its attachments allow a court to conclude beyond doubt that the petitioner cannot succeed under the applicable law. See, e.g., State exrel. Satow *Page 7 v. Gausse-Milliken, 98 Ohio St.3d 479, 2003-Ohio-2074, ¶ 11; O'Brien v.Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 245.
 {¶ 23} In conclusion, it is clear that appellant could prove no set of facts entitling him to the relief requested and that his position in the habeas action was contrary to binding precedent. As such, the trial court's dismissal of the petition for a writ of habeas corpus was proper and the subsequent refusal to grant relief from the dismissal judgment is upheld.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, P.J., concurs.
 Waite, J., concurs. *Page 1