**[Cite as *State v. Barrett*, 2021-Ohio-3956.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    20CA011667 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL BARRETT | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    18CR098332 |

## DECISION AND JOURNAL ENTRY

Dated: November 8, 2021

---

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Michael Barrett, appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

### I.

{¶2}    On February 7, 2019, Mr. Barrett pled guilty to one count of kidnapping with a repeat violent offender specification, one count of robbery with a repeat violent offender specification, and a second count of robbery.  He was sentenced to a mandatory term of two years in prison for these crimes.  On March 20, 2019, the General Assembly enacted S.B. 231 ("Sierah's Law"), requiring the Ohio Bureau of Criminal Investigation to establish and maintain the Violent Offender Database ("VOD") and to make it available to federal, state, and local law-enforcement officers.  *State v. Hubbard*, ___ Ohio St.3d ___, 2021-Ohio-3710, ¶ 19, citing R.C. 2903.43(F)(2).  On June 15, 2020, Mr. Barrett was released from prison and was informed of his

obligation to enroll in the VOD. Thereafter, he filed a motion with the trial court seeking exemption from enrolling in the VOD, which was summarily denied.

{¶3} Mr. Barrett now appeals from the trial court's judgment denying his motion and raises two assignments of error for this Court's review. We stayed the appeal pending the Supreme Court of Ohio's decision in *State v. Jarvis*, ___ Ohio St.3d ___, 2021-Ohio-3712. The high court released its decision in *Jarvis* on October 21, 2021. *Id.*

{¶4} We now turn to the merits of Mr. Barrett's appeal.

II.

### ASSIGNMENT OF ERROR ONE

THE COURT ERRED WHEN IT FAILED TO REMOVE MR. BARRETT FROM THE VIOLENT OFFENDER DATABASE REGISTRY AS ESTABLISHED IN [R.C.] 2903.41 AS HE WAS NEVER INFORMED OF HIS DUTY TO REGISTER AT THE TIME OF THE PLEA OR AT SENTENCING, IN VIOLATION OF HIS DUE PROCESS RIGHTS.

{¶5} In his first assignment of error, Mr. Barrett argues that the trial court erred in denying his motion to be exempt from enrolling in the VOD because he was never informed of this obligation at the time of his plea or sentencing, in violation of his right to due process. We disagree.

{¶6} R.C. 2903.41 et seq. ("Sierah's Law") became effective on March 20, 2019. The law establishes a rebuttable presumption that certain violent offenders are required to enroll in the VOD in person, reenroll annually in person, and provide notice of any change of address for ten years after the initial enrollment. *Hubbard* at ¶ 22, citing R.C. 2903.42(A) and 2903.43(D)(1). The offender may rebut this presumption under R.C. 2903.42(A)(4) by filing a motion pursuant to R.C. 2903.42(A)(2) and proving by a preponderance of the evidence that he was not the principal offender in the commission of the underlying offense. *Id.* Nevertheless,

even if the offender establishes that he was not the principal offender, a trial court may still require him to enroll after it considers: (1) whether the offender has any prior convictions for an offense of violence and whether those offenses show that he has a propensity for violence; (2) the results of a risk assessment; (3) the offender's degree of culpability or involvement in the offense; and (4) the public interest and safety. *Id.* at ¶ 22, citing R.C. 2903.42(A)(4)(a)(i) through (iv). Recklessly failing to comply with Sierah's Law is a fifth-degree felony. *Id.* at ¶ 23, citing R.C. 2903.43(I).

{¶7} In the case sub judice, Mr. Barrett argues that the trial court erred in denying his motion to be exempt from enrolling in the VOD. He contends that he has "no obligation" to enroll in the VOD because the trial court never notified him of any obligation to enroll, as Sierah's Law only became effective *after* he pled guilty and was sentenced in this matter. We find no merit in this argument, which is premised upon Mr. Barrett's misinterpretation of the relevant statutes.

{¶8} For purposes of Sierah's Law, R.C. 2903.41(A) distinguishes between two specific types of violent offenders: (1) those who, on or after March 20, 2019, are convicted of or plead guilty to a certain offense or offenses[1], *see* R.C. 2903.41(A)(1); and (2) those who, on March 20, 2019, have already been convicted of or pled guilty to a certain offense or offenses and are presently "confined in a jail, workhouse, state correctional institution, or other institution, serving a prison term, term of imprisonment, or other term of confinement for the

---

[1] These offenses include any violation of R.C. 2903.01 (aggravated murder), R.C. 2903.02 (murder), R.C. 2903.03 (voluntary manslaughter), or R.C. 2905.01 (kidnapping), any felony-two violation of R.C. 2905.02 (abduction), or "[a]ny attempt to commit, conspiracy to commit, or complicity in committing" any of the aforementioned offenses. R.C. 2903.41(A)(1)(a)-(b).

offense[,]" *see* R.C. 2903.41(A)(2). When the violent offender is to be notified of his presumptive requirement to enroll in the VOD depends solely on his R.C. 2903.41(A)(1) or (2) classification. *See* R.C. 2903.42(A)(1)(a)-(b). More specifically, the sentencing court is required to inform R.C. 2903.41(A)(1) offenders *before sentencing* of the presumption, the right, and the procedure, criteria, and possible outcome. R.C. 2903.42(A)(1)(a). Contrarily, "the official in charge of the jail, workhouse, state correctional institution, or other institution in which the offender is serving a prison term, term of imprisonment, or other term of confinement for the offense, or the official's designee" is required to inform R.C. 2903.41(A)(2) offenders, in writing and *within a reasonable period of time before release from confinement*, of the presumption, the right, and the procedure, criteria, and possible outcome. R.C. 2903.42(A)(1)(b).

{¶9} Mr. Barrett's argument that the *trial court* failed to notify him *prior to sentencing*, pursuant to R.C. 2903.42(A)(1)(a), fatally hinges on his mistaken presumption that he is a violent offender classified under R.C. 2903.41(A)(1). The record is clear, however, that on March 20, 2019, Mr. Barrett had already been sentenced to prison for kidnapping and was incarcerated at that time for the offense. Thus, Mr. Barrett's status as a violent offender for purposes of Sierah's Law instead falls within the realm of R.C. 2903.41(A)(2), not R.C. 2903.41(A)(1). As such, he was only required to be notified (1) by a prison official or the official's designee, and (2) in writing within a reasonable period of time before his release from confinement, pursuant to R.C. 2903.42(A)(1)(b). In his merit brief, Mr. Barrett openly concedes that the Ohio Department of Rehabilitation and Correction ("ODRC") notified him of his requirement to enroll in the VOD and also provided him with a "form" upon his release from prison on June 15, 2020. He makes no argument that the ODRC failed to comply in any respect with the notification requirements mandated under R.C. 2903.42(A)(1)(b). Accordingly, we find no merit in Mr. Barrett's

argument that the trial court erred in denying his motion to be exempt from enrolling in the VOD.

{¶10} The body of this assignment of error also contains an argument that, because Sierah's Law only became effective after he was sentenced, Mr. Barrett was denied the opportunity to file his motion to rebut the R.C. 2903.42(A)(1) presumption prior to or at the time of sentencing, as required by R.C. 2903.42(A)(2)(a). To the extent that Mr. Barrett attempts to argue that he was not afforded the opportunity to file an R.C. 2903.42(A)(2) motion, his argument fails in several respects. First, this particular argument goes beyond the scope of Mr. Barrett's captioned assignment of error, and we may decline to address it on that basis alone. *See, e.g., State v. Bennett*, 9th Dist. Lorain No. 14CA010579, 2015-Ohio-2887, ¶ 13 (noting that an appellant's assignment of error provides a roadmap for an appellate court's review). Second, the underlying appeal stems from the trial court's judgment denying Mr. Barrett's motion for exemption from enrolling in the VOD, which necessarily belies any argument that he was somehow denied the opportunity to file that same motion. Third, Mr. Barrett's argument is premised upon his own misinterpretation of the relevant statutes.

{¶11} Violent offenders who seek to rebut the R.C. 2903.42(A)(1) presumption are required to file a motion with the sentencing court at specific times, depending on their R.C. 2903.41(A) classification. *See* R.C. 2903.42(A)(2). R.C. 2903.41(A)(1) offenders are required to file the motion "prior to or at the time of sentencing." R.C. 2903.42(A)(2)(a). R.C. 2903.41(A)(2) offenders, however, are required to file the motion "prior to the time of the person's release from confinement in the jail, workhouse, state correctional institution, or other institution under the prison term, term of imprisonment, or other term of confinement * * *." R.C. 2903.42(A)(2)(b).

{¶12} Mr. Barrett erroneously presumes his classification as a violent offender under R.C. 2903.41(A)(1) to support his argument, despite the fact that he is actually classified under R.C. 2903.41(A)(2). Accordingly, the filing timeframe provided in R.C. 2903.42(A)(2)(a) is inapplicable to Mr. Barrett, and there exists no basis for an argument that he was denied the opportunity to file his motion prior to or at the time of sentencing. Mr. Barrett was instead required to file his motion within the timeframe provided for in R.C. 2903.42(A)(2)(b), yet he makes no argument that he was denied the opportunity to timely file his motion in that respect.

{¶13} For the above reasons, Mr. Barrett's first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

THE COURT ERRED IN REQUIRING MR. BARRETT TO REGISTER BECAUSE [R.C.] 2903.41 [ET SEQ.] IS UNCONSTITUTIONAL.

{¶14} Mr. Barrett's second assignment of error is premised upon an argument that R.C. 2903.41 et seq. ("Sierah's Law") is unconstitutional because its retroactive application deprives him of his constitutional right to due process. The Supreme Court of Ohio recently addressed this issue and held that "the application of Sierah's Law to violent offenders who committed their offenses prior to its effective date does not violate the Retroactivity Clause of the Ohio Constitution." *Hubbard*, 2021-Ohio-3710, at ¶ 45. *Accord Jarvis*, 2021-Ohio-3712, at ¶ 14. In accordance with the high court's decisions in *Hubbard* and *Jarvis*, this assignment of error must fail.

{¶15} Mr. Barrett's second assignment of error is overruled.

### III.

{¶16} Mr. Barrett's first and second assignments of error are both overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.