[Cite as *Zakel v. State*, 2022-Ohio-4637.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JOSEPH C. ZAKEL, | : | |
| Plaintiff-Appellant, | : | No. 111379 |
| v. | : | |
| STATE OF OHIO, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 22, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-949673

*Appearances:*

Valore & Gordillo, LLP, and Matthew O. Williams, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assisting Prosecuting Attorney, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant Joseph C. Zakel ("Zakel") appeals from the decision of the trial court denying his application for relief from a weapons disability. For the following reasons, we affirm the decision of the trial court.

## Factual and Procedural History

{¶ 2} In 2000, Zakel was convicted of domestic violence, a first-degree misdemeanor. Zakel's conviction created a disability under 18 U.S.C. 922(g)(9) that states:

(g) It shall be unlawful for any person —

* * *

(9) Who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

{¶ 3} On July 8, 2021, Zakel filed an application in the Cuyahoga County Court of Common Pleas pursuant to R.C. 2923.14 seeking relief from the weapons disability. On March 9, 2022, the trial court denied the application finding that although Zakel had no further criminal convictions since 2000:

the court now finds that petitioner has not been convicted of any qualifying disabling offense under O.R.C. 2923.13(A) from which relief can be granted by this court. A trial court does not have the statutory authority to relieve petitioner of a federal firearms disability (specifically, a disability arising from a misdemeanor domestic violence conviction). *See* [*State ex rel. Suwalski v. Peeler*, 167 Ohio St.3d 38, 2021-Ohio-4061, 188 N.E.3d 1048].

Petitioner is not under a state law disability and therefore cannot be afforded relief by this court. Accordingly, petitioner's application is denied.

{¶ 4} Zakel appeals and assigns the following error for our review:

## Assignment of Error

The trial court committed reversible error prejudicial to appellant in holding it lacked authority to consider appellant's application for relief from weapons disability pursuant to R.C. 2923.14 pursuant to the Ohio Supreme Court's decision in *State ex. Rel. Suwalski v. Peeler*, a wrongly decided case.

{¶ 5} Zakel asks this court to overturn the decision of the trial court. Specifically, he argues that the trial court erred when it relied on the Ohio Supreme Court's decision in *State ex rel. Suwalski v. Peeler*, 167 Ohio St.3d 38, 2021-Ohio-4061, 188 N.E.3d 1048, to deny his application. Zakel, in essence, asks this court to overturn the trial court's decision, because Suwalski, in his opinion, was wrongly decided.

## Standard of Review

{¶ 6} In the instant case, the trial court determined that it did not have authority to grant Zakel's application on the basis of *Suwalski*. Zakel argues that the trial court's decision was an error of law. Accordingly, the recent decision of *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, is applicable here. In that case, the trial court allowed the testimony of a witness who did not meet the requirements of Evid.R. 601. The First District Court of Appeals found that decision was reversible error. The Supreme Court agreed noting that "courts lack the discretion to make errors of law." *Id.* at ¶ 39. In the instant case, Zakel argues that we must overturn the trial court's decision because *Suwalski* was

wrongly decided. To the contrary, we must determine whether the trial court's decision was contrary to law.

## Scope of Appellate Review

{¶ 7} At the outset, as an appellate court, we are a midlevel court of review. As such we do not have the authority to review or overturn decisions of the Ohio Supreme Court. *See State ex rel. Duley v. Eberlin*, 7th Dist. Belmont No. 07 BE 51, 2008-Ohio-3084, ¶ 17 ("[W]e cannot overturn or ignore the various Supreme Court cases, which are in fact binding upon this court as precedent."); *Darrah v. Baumberger*, 7th Dist. Monroe No. 15 MO 0002, 2017-Ohio-8025, ¶ 24 ("An appellate court is an intermediate court and is therefore bound by Ohio Supreme Court decisions. *Davis v. Montenery*, 173 Ohio App. 3d 740, 2007-Ohio-6221, 880 N.E.2d 488, ¶ 31 (7th Dist.). An appellate court cannot overrule an Ohio Supreme Court decision or declare an Ohio Supreme Court decision unconstitutional. *State v. Sheets*, 12th Dist. Clermont No. CA2006-04-032, 2007-Ohio-1799, ¶ 16").

{¶ 8} Therefore, the only question for this court is whether the trial court made an error of law when it denied Zakel's application based on the holding in *Suwalski*, 167 Ohio St.3d 38. If the holding applies to the facts of this case, then the trial court did not err, and we are bound by the precedent set by the Ohio Supreme Court.

## Law and Analysis

{¶ 9} The underlying facts of *Suwalski* involved a domestic violence conviction from 2017. Ewing was convicted of domestic violence and violation of a

temporary protection order, both misdemeanors of the first degree. Suwalski was the victim. As a result of the domestic violence conviction, Ewing became subject to a disability under 18 U.S.C. 922(g)(9). In 2019, Ewing petitioned the common pleas court for relief from the disability. The state did not contest the petition. However, the state submitted to the court an unsworn statement from Suwalski objecting to the petition. Nevertheless, Judge Peeler granted the petition, restoring all Ewing's firearm rights. The state did not appeal the decision. Suwalski subsequently filed a writ of prohibition to prevent Judge Peeler's order from going into effect. The court of appeals granted the writ, holding that Judge Peeler lacked judicial power to relieve Ewing of the federal firearms disability. Ewing, who was permitted to intervene in the appellate case, appealed the decision to the Supreme Court. *Suwalski*, 167 Ohio St.3d 38, ¶ 1-2. The bulk of the Supreme Court decision addresses whether Suwalski had standing to bring her case under Article I, Section 10(a)(1) of the Ohio Constitution (Marsy's Law). The four-justice majority determined that Marsy's law allowed her to file the writ.

{¶ 10} Nevertheless, the entire court agreed that the common pleas court did not have authority to lift Ewing's disability. The majority, noting that Ohio law does not create a disability when a person is convicted of a misdemeanor domestic violence offense found "[a]s a matter of federal law, Ewing was ineligible to have his firearms rights restored because he never lost those rights under Ohio law." *Suwalski,* 167 Ohio St.3d 38, at ¶ 28. The dissent disagreed with the majority's

application of Marsy's law but agreed with its conclusion that the trial court did not have authority to rule on the application. *Id.* at ¶ 51.

{¶ 11} The *Suwalski* decision recognizes that a weapons disability as a result of a misdemeanor domestic violence conviction is imposed under federal law in this state. Consequently, because Ohio does not impose a disability for that type of conviction, the common pleas court had no authority to relieve Zakel of his disability. To do so would be contrary to law. The trial court, therefore, had no other choice but to summarily deny Zakel's application for relief from disability.

{¶ 12} Accordingly, the assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR