[Cite as *State v. Worrell*, 2024-Ohio-442.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-244 |
| v. | : | (C.P.C. No. 02CR-4820) |
| Richard Worrell, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 8, 2024

**On brief:** [*Janet A. Grubb*, First Assistant Prosecuting Attorney], and *Seth L. Gilbert* for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen* for appellant.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Richard Worrell, appeals from the March 20, 2023 judgment of the Franklin County Court of Common Pleas denying the relief sought in his "Motion To Exclude [Mr. Worrell] From Registering As A Violent Offender Pursuant To R.C. 2903.41-2903.43 (Sierah's Law)." (Mar. 20, 2023 Decision and Entry.) Specifically, Mr. Worrell contended he should be excluded from the provisions of 2018 Am.Sub.S.B. No. 231 ("Sierah's Law") requiring him to register with the violent offender database annually for ten years upon his release from prison because he was convicted of a qualifying offense before the law took effect.

{¶ 2} Although Sierah's Law clearly contemplates its application to defendants classified as "violent offenders" who, like Mr. Worrell, are serving a term of confinement on

its effective date, Mr. Worrell argued, in contravention of relevant Ohio Supreme Court precedent, that the law is unconstitutionally retroactive and violates his equal protection rights. The trial court rejected those arguments. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 3} In 2002, Mr. Worrell was indicted with three counts of rape, one count of kidnapping, one count of abduction, and one count of felonious assault. Following a jury trial, Mr. Worrell was convicted of all six counts in 2004.

{¶ 4} In April 2004, the trial court adjudicated Mr. Worrell a sexual predator and imposed a total prison sentence of 19 years. Specifically, the trial court merged the felonious assault and abduction charges into the kidnapping count, sentenced Mr. Worrell to five years in prison for each of the three rape counts, imposed a four-year prison term for the kidnapping offense, and ordered the prison sentences be served consecutively.

{¶ 5} This court affirmed Mr. Worrell's convictions, sentence, and sexual-predator classification in *State v. Worrell*, 10th Dist. No. 04AP-410, 2005-Ohio-1521. However, on May 3, 2006, the Supreme Court reversed the judgment of this court, in part, and remanded to the trial court for resentencing consistent with its holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 regarding the imposition of nonminimum consecutive prison sentences. *See In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 56. On remand, the trial court conducted a resentencing hearing and reimposed the same 19-year prison sentence. We affirmed that judgment on May 3, 2007. *State v. Worrell*, 10th Dist. No. 06AP-706, 2007-Ohio-2216, ¶ 13.

{¶ 6} In anticipation of his scheduled release from prison on December 21, 2022, Mr. Worrell, through counsel, filed a motion on December 15, 2022 asking the trial court to exclude him from the violent offender database registry requirements created by Sierah's Law and codified in sections 2903.41 through 2903.44 of the Ohio Revised Code.

{¶ 7} Effective March 20, 2019, Sierah's Law created a violent offender database and presumptively requires "violent offenders"—as defined in R.C. 2903.41(A)—to enroll in that database for a period of ten years. R.C. 2903.41(A); R.C. 2903.42(A)(1). As discussed more fully below, the General Assembly expressly provided for retroactive application of Sierah's Law by defining "violent offender" to include, in relevant part, any

person who was serving a term of confinement for a kidnapping offense on March 20, 2019, when the law took effect. *See* R.C. 2903.41(A)(2); R.C. 2903.41(A)(1)(a).

**{¶ 8}** It is undisputed that Mr. Worrell was convicted of a kidnapping offense in the case below and serving the 19-year term of confinement imposed in that case on March 20, 2019. Significantly, Mr. Worrell has not challenged the applicability of R.C. 2903.41(A)(2) by arguing that he was not "confined * * * for the [kidnapping] offense" on March 20, 2019.[1] Nor did he attempt to rebut the presumption that he would be required to enroll in the violent offender database in the trial court by arguing that he was not the principal offender in the commission of the kidnapping, as provided for in R.C. 2903.42(A)(2). And, indeed, given the facts of this case, it does not appear such argument would be viable.

**{¶ 9}** Instead, Mr. Worrell objected to the application of Sierah's Law in the trial court by arguing that R.C. 2903.41(A)(2) is unconstitutionally retroactive under Article II, Section 28 of the Ohio Constitution and violates the Equal Protection Clause of the United States Constitution.

**{¶ 10}** On March 20, 2023, the trial court issued an entry rejecting those arguments and denying Mr. Worrell's motion for exclusion. Mr. Worrell timely appealed from that judgment and asserts the following two assignments of error for our review:

> [I.] THE TRIAL COURT ERRED [ABUSED ITS DISCRETION] IN DENYING [OVERRULING] [MR. WORRELL'S] MOTION[.][2]
>
> [II.] THE TRIAL COURT ERRED IN FINDING R.C. 29[0]3. 41-[R.C.] 29[0]3.43 CONSTITUTIONAL[.]

---

[1] Mr. Worrell was released from prison on December 21, 2022. *See* "Richard Worrell," Offender Details, OHIO DEPT. OF REHAB. & CORR., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A468206 (accessed Feb. 7, 2024). This means that only 3 years and 9 months of his 19-year total prison sentence remained when Sierah's Law took effect on March 20, 2019. Notably, only 4 of those 19 years were imposed for the kidnapping offense; the other 15 years of Mr. Worrell's prison sentence pertained to the 3 counts of rape (an offense not specified in R.C. 2903.41(A)(1)(a)'s "violent offender" definition). But Mr. Worrell did not contend in the trial court—and does not argue on appeal—that R.C. 2903.41(A)(2) does not apply because he was confined on one of the three rape offenses, not the kidnapping offense, when Sierah's Law took effect. We generally decline to make legal arguments for an appellant. *See State v. Enyart*, 10th Dist. No. 22AP-645, 2023-Ohio-3373, ¶ 22, citing *Gianetti v. Teakwood, Ltd.*, 10th Dist. No. 15AP-413, 2016-Ohio-213, ¶ 30. And we do not address new arguments presented for the first time on appeal. *See, e.g.*, *State v. Oliver*, 10th Dist. No. 21AP-449, 2023-Ohio-1550, ¶ 94. Thus, for purposes of this case, we must presume that Mr. Worrell was confined for the kidnapping offense on March 20, 2019.

[2] Mr. Worrell inconsistently states his first assignment of error in his merit brief. (*Compare* Brief of Appellant at 1 *with* Brief of Appellant at 3.)

## II. ANALYSIS

### A. First Assignment of Error

{¶ 11} In his first assignment of error, Mr. Worrell takes issue with the trial court's contemplation of whether it had jurisdiction to entertain Mr. Worrell's constitutionality challenge to Sierah's Law. (*See* Decision and Entry at 2, citing *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, ¶ 9.) He claims the trial court failed to rule on the merits of his motion because it found that it lacked jurisdiction to hear the matter. (*See* Brief of Appellant at 6.) But, on review, we find that contention is not substantiated by the record.

{¶ 12} In its decision, the trial court clearly entertained and ruled on the merits of the two constitutionality challenges Mr. Worrell raised in his motion for exclusion from the database registration requirements. (Decision and Entry at 2-4.) Thus, Mr. Worrell's first assignment of error fails to raise any cognizable error at all. It is axiomatic that we cannot offer Mr. Worrell any relief on appeal from an error that did not occur.

{¶ 13} In its merit brief, the state argues the trial court lacked jurisdiction to consider Mr. Worrell's constitutionality challenge to Sierah's Law since the law took effect after Mr. Worrell had already been convicted and sentenced for the kidnapping offense. (*See* Brief of Appellee at 10-16.) True, a "trial court's jurisdiction over a criminal matter is limited once the proceedings are complete." *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, ¶ 11. And, we recognize that Sierah's Law confers limited continuing jurisdiction upon common pleas courts over defendants who, like Mr. Worrell, are classified as violent offenders while in prison pursuant to R.C. 2903.41(A)(2). R.C. 2903.42(A)(2). *Compare State v. Mason*, 11th Dist. No. 2020-P-0085, 2021-Ohio-4571, ¶ 9-10, and *State v. Klein*, 1st Dist. No. C-190619, 2020-Ohio-6948, ¶ 24, *with State v. Jackson*, 10th Dist. No. 19AP-393, 2020-Ohio-4115, ¶ 11-17 (Luper Schuster, J., concurring separately). But, the state did not file a cross-appeal in this case. Given such procedural posture, we decline to define the bounds of such jurisdiction today.

{¶ 14} Mr. Worrell's first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 15} In his second assignment of error, Mr. Worrell argues the trial court erred in finding Sierah's Law constitutional. Whether a statute is constitutional presents a question of law that we review de novo. *Portage Cty. Educators Assn. for Dev. Disabilities-Unit B*

*v. State Emp. Relations Bd.*, 169 Ohio St.3d 167, 2022-Ohio-3167, ¶ 7, citing *Crutchfield Corp. v. Testa*, 151 Ohio St.3d 278, 2016-Ohio-7760, ¶ 16.

{¶ 16} In the trial court, Mr. Worrell argued that requiring him to enroll in the violent offender database would violate the Retroactivity Clause contained in Article II, Section 28 of the Ohio Constitution[3] and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[4]

{¶ 17} At the time Mr. Worrell filed his motion in the lower court, the Ohio Supreme Court had already held in *State v. Hubbard*, 167 Ohio St.3d 77, 2021-Ohio-3710, ¶ 19-45 (plurality opinion) and *State v. Jarvis*, 167 Ohio St.3d 118, 2021-Ohio-3712, ¶ 8-14 (plurality opinion) that applying Sierah's Law to violent offenders who committed their offenses before the effective date of the law did not violate the prohibition on retroactive statutes set forth in Article II, Section 28 of the Ohio Constitution. Inferior courts do not have the authority to review, ignore, or overturn decisions of the Supreme Court that are, in fact, binding upon them as precedent. *See, e.g., State v. Bruce*, 10th Dist. No. 21AP-376, 2022-Ohio-909, ¶ 40; *Zakel v. State*, 8th Dist. No. 111379, 2022-Ohio-4637, ¶ 7. Although the defendants in *Hubbard* and *Jarvis* were both sentenced ***after*** Sierah's Law took effect—while Mr. Worrell, in contrast, was sentenced long before—Mr. Worrell does not argue on appeal that the circumstances of his case would change the thrust of those decisions. *See, e.g., State v. Shingleton*, 2d Dist. No. 29363, 2022-Ohio-4740, ¶ 35-57; *State v. Barrett*, 9th Dist. No. 20CA011667, 2021-Ohio-3956, ¶ 9-15.

{¶ 18} In fact, Mr. Worrell does not maintain in his appeal to this court that Sierah's Law, as applied to him, violates the Retroactivity Clause of the Ohio Constitution.[5]

---

[3] Mr. Worrell did not make any claims in the trial court based on the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution.

[4] Although Article I, Section 2 of the Ohio Constitution contains a similar guarantee, Mr. Worrell did not separately argue in the trial court—nor does he separately contend on appeal—that application of Sierah's Law violates the equal protection guarantee of the state constitution.

[5] We note that because Mr. Worrell had already been sentenced to prison for kidnapping and was incarcerated when Sierah's Law took effect, his status as a violent offender falls within the realm of R.C. 2903.41(A)(2). As such, the law required a prison official (or the official's designee) to notify Mr. Worrell—in writing and within a reasonable period of time before his December 21, 2022 release from prison—of the violent offender database enrollment presumption established under R.C. 2903.42; his right to file a motion to rebut the presumption; the procedure and criteria for rebutting the presumption; the effect of a rebuttal; and the post-rebuttal hearing procedures and possible outcome. R.C. 2903.42(A)(1)(b). Mr. Worrell has not claimed that

(*Compare* Mot. at 4-8.) Instead, the focus of Mr. Worrell's second assignment of error is his contention that Sierah's Law violates the Equal Protection Clause of the Fourteenth Amendment because it does not equally apply to persons convicted of qualifying offenses before Sierah's Law took effect on March 20, 2019. Specifically, Mr. Worrell notes that the law distinguishes between those who were imprisoned when the law became effective and those who were not without any rational basis for doing so.[6] (*See* Brief of Appellant at 7-14.) For this reason, he maintains that the law is unconstitutional.

{¶ 19} The Fourteenth Amendment of the United States Constitution provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." "The Equal Protection Clause prevents states from treating people differently under its laws on an arbitrary basis." *State v. Williams*, 88 Ohio St.3d 513, 530 (2000), citing *Harper v. Virginia State Bd. of Elections*, 383 U.S. 663, 681 (1966) (Harlan, J., dissenting). " 'Whether any such differing treatment is to be deemed arbitrary depends on whether or not it reflects an appropriate differentiating classification among those affected; the clause has never been thought to require equal treatment of all persons despite differing circumstances.' " *Id.*, quoting *Harper* at 681 (Harlan, J., dissenting). Rather, it "prohibits treating similar groups differently based on criteria that are unrelated to the purpose of the law." *State v. Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252, ¶ 13.

{¶ 20} When evaluating an equal protection claim, we must first determine the proper standard of review. "When legislation infringes upon a fundamental constitutional right or the rights of a suspect class, strict scrutiny applies." *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, ¶ 64. But when neither a fundamental right nor a suspect class is implicated, we apply a rational-basis test. *Id.*

{¶ 21} There is no doubt that the rational-basis test applies in this case. Indeed, Mr. Worrell concedes as much. (Brief of Appellant at 12-14.) This is because the statutory

---

the Ohio Department of Rehabilitation and Correction failed to comply in any respect with the notification requirements mandated under R.C. 2903.42(A)(1)(b).

[6] In his brief, Mr. Worrell actually uses the **enactment** date—not **effective** date—of Sierah's Law to set the parameters of the different classes. (*See* Brief of Appellant at 8-9.) Sierah's Law was enacted on December 19, 2018 but did not take effect until March 20, 2019. *See* 2018 Am.Sub.S.B. No. 231. Nothing in the controlling statutory provisions suggests the date of **enactment** has any bearing on the applicability of the law. *See* R.C. 2903.41 through 2903.44. Although we have no obligation to do so, we presume Mr. Worrell meant to delineate classes in terms of the law's effective date.

classification Mr. Worrell identifies in R.C. 2903.41(A)—the date on which a person is convicted of or serving a term of confinement for a qualifying offense—does not concern either a suspect class or a fundamental right. *See, e.g., Williams* at 531 (finding that sex offenders were not within a suspect class and that the sex offender registration scheme did not involve a fundamental right[7]); *State v. Gaeth*, 6th Dist. No. WD-21-075, 2022-Ohio-2906, ¶ 9 (applying a rational basis-test to the arson offender registry in R.C. 2909.15).

{¶ 22} "Under the rational-basis standard, a state has no obligation to produce evidence to sustain the rationality of a statutory classification." *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, ¶ 91, citing *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.*, 87 Ohio St.3d 55, 58, 60 (1999). "[S]tatutes are presumed to be constitutional and * * * courts have a duty to liberally construe statutes in order to save them from constitutional infirmities." *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, ¶ 12, citing *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538 (1999). Furthermore, "[t]he party challenging the constitutionality of a statute 'bears the burden to negate every conceivable basis that might support the legislation.' " *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, ¶ 20, quoting *Columbia Gas Transm. Corp.* at ¶ 91.

{¶ 23} "In conducting a rational-basis analysis, we will uphold the statute 'if it is rationally related to a legitimate governmental purpose.' " *State v. O'Malley*, 169 Ohio St.3d 479, 2022-Ohio-3207, ¶ 24, quoting *Arbino* at ¶ 66. While a legislature need not "justify or even state its reasons for making a particular classification," the rational-basis test requires a rational relationship between the classification and the governmental interest, or reasonable grounds to draw the distinction. *State v. Mole*, 149 Ohio St.3d 215, 2016-Ohio-5124, ¶ 28, citing *Holeton v. Crouse Cartage Co.*, 92 Ohio St.3d 115, 131 (2001). Thus, " 'a statute will not be invalidated if it is grounded on a reasonable justification, even if its classifications are not precise.' " *O'Malley* at ¶ 24, quoting *Arbino* at ¶ 66.

---

[7] Later amendments to the sex offender registration statute were held punitive and improperly retroactive. *See Hubbard*, 2021-Ohio-3710 at ¶ 28 (discussing Ohio's Adam Walsh Act, enacted in 2007); *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 21-22 (holding the new registration, verification, and notification requirements established by the Adam Walsh Act had become so punitive that its retroactive application was unconstitutional).

{¶ 24} Mr. Worrell correctly points out that Sierah's Law does not apply to the class of individuals who were convicted of offenses that qualify for violent-offender classification under R.C. 2903.41(A)(1) before March 20, 2019 but were not serving any term of confinement for such offenses on March 20, 2019. He contends there is no rational basis for excluding such persons from the violent offender database enrollment and registry requirements that Sierah's Law imposes. (Brief of Appellant at 13.) We disagree.

{¶ 25} In *Hubbard*, the Supreme Court found that "[b]y establishing a violent-offender database that is accessible only by law enforcement and not by the broader community, Sierah's Law evinces the public-safety purpose to collect information about violent offenders and facilitate its being shared with investigative authorities at the federal, state, and local levels." 2021-Ohio-3710 at ¶ 32. The legitimate state interest of the violent offender registry is to provide a tool to law enforcement and protect the public from harm, and it serves that purpose even though it does not include every single person who has ever been convicted for an offense that would qualify them for violent-offender classification under R.C. 2903.41(A)(1).

{¶ 26} Mr. Worrell's argument—that "[t]here can be no rational basis [to permit an entire class of convicted criminals to avoid registering with the violent offender database] when the alleged purpose is to have this list of dangerous people to aid law enforcement"— is myopic for two key reasons. (*See* Brief of Appellant at 13.) *First*, he ignores that a violent offender's registry duties generally end after ten years. *See* R.C. 2903.42(A)(1). In other words, the legislature did not intend to create a comprehensive list of all "dangerous people," as Mr. Worrell suggests. *Second*, Mr. Worrell fails to address the notice-based rationale suggested by the state and accepted by the trial court. (*See* Brief of Appellee at 20-23; Decision and Entry at 4.) Importantly, a person classified as a "violent offender" by R.C. 2903.41(A) has no obligation to enroll in the violent offender database unless they are appropriately notified in accordance with R.C. 2903.42(A)(1). We thus agree with the trial court's assessment that it is rational to apply Sierah's Law only to those offenders situated in positions—i.e., before a sentencing court or while they are serving a term of confinement—where it is possible to ensure and verify that the statutorily required notice is received. (*See* Decision and Entry at 4.) Indeed, the state has a legitimate governmental interest in enacting laws that take into account the due process rights of its citizens.

{¶ 27} For these reasons, we find the violent offender database enrollment scheme established by Sierah's Law is rational and advances the legitimate state interest of protecting the public and safeguarding the notice requirements of the statute and due process. Accordingly, Mr. Worrell's equal protection claim lacks merit.

{¶ 28} In light of the foregoing, we conclude the trial court did not err in denying Mr. Worrell's motion for exclusion from the violent offender database registry requirements imposed upon him by Sierah's Law. As such, his second assignment of error is overruled.

## III. CONCLUSION

{¶ 29} Having overruled Mr. Worrell's two assignments of error, we affirm the March 20, 2023 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BOGGS, JJ., concur.