[Cite as *State v. Smith*, 2026-Ohio-1363.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

KAELYN SMITH

    Appellant

C.A. No.     31124

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2023-06-2146

DECISION AND JOURNAL ENTRY

Dated: April 15, 2026

FLAGG LANZINGER, Judge.

{¶1}  Kaelyn Smith appeals from the judgment of the Summit County Court of Common Pleas.  For the following reasons, this Court reverses and remands the matter for further proceedings consistent with this decision.

I.

{¶2}  A grand jury indicted Smith on one count of felony murder and two counts of felonious assault, all with accompanying firearm specifications.  Smith later reached a plea agreement with the State whereby she agreed to plead guilty to felony murder in violation of R.C. 2903.02(B) and a one-year firearm specification.  In exchange, the State agreed to dismiss the counts of felonious assault and the accompanying firearm specifications.

{¶3}  The trial court held a combined change of plea and sentencing hearing.  At the beginning of the hearing, the State informed the trial court that Smith "does have to register as a violent offender, so we need that form."  The trial court acknowledged Smith would have to fill

out a violent offender form. Defense counsel then stated: "We will waive the reading of that paperwork . . . and we would agree that that statutorily applies to this case." The trial court indicated it would have Smith sign the form, and then confirmed with defense counsel that Smith was "waiving [her] right to have those rights explained to her prior to sentencing . . . ." The record contains no further mention of the violent offender form until the bailiff asked: "Violent offender form?" on the last page of the transcript, presumably inquiring as to its status. The trial court then went off the record.

{¶4} Smith now appeals, raising one assignment of error for this Court's review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO INFORM MS. SMITH OF HER RIGHTS AND REQUIREMENTS AS A PRESUMED VIOLENT OFFENDER PURSUANT TO R.C. []2903.41 ET SEQ.**

{¶5} In her assignment of error, Smith argues that the trial court committed plain error by failing to inform her of her rights and responsibilities as a violent offender under R.C. 2903.41 et seq. The State concedes this error. For the following reasons, this Court sustains Smith's assignment of error.

{¶6} In reviewing a felony sentence, "[t]he . . . standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

{¶7} "On March 20, 2019, the General Assembly enacted S.B. 231 ('Sierah's Law'), requiring the Ohio Bureau of Criminal Investigation to establish and maintain the Violent Offender

Database ('VOD') and to make it available to federal, state, and local law-enforcement officers." *State v. Barrett*, 2021-Ohio-3956, ¶ 2 (9th Dist.); R.C. 2903.41 et seq. (codifying Sierah's Law). "The law establishes a rebuttable presumption that certain violent offenders are required to enroll in the VOD in person, reenroll annually in person, and provide notice of any change of address for ten years after the initial enrollment." *Barrett* at ¶ 6.

{¶8} Sierah's Law provides that a trial court must inform a defendant who is classified as a violent offender of certain rights and responsibilities "before sentencing . . . ." R.C. 2903.42(A)(1)(a). It also provides that the "judge . . . shall require the violent offender to read and sign a form stating that the violent offender has received and understands the notice." R.C. 2903.42(C).

{¶9} Here, Smith pleaded guilty to felony murder in violation of R.C. 2903.02(B). Consequently, Smith was classified as a violent offender under R.C. 2903.41(A)(1)(a), and the trial court was required to inform her of her rights and responsibilities under Sierah's Law before sentencing her. R.C. 2903.41(A)(1)(a); R.C. 2903.42(A)(1)(a). As noted above, defense counsel waived a reading of these rights and responsibilities, but the record does not contain an executed violent offender form. Thus, the record does not affirmatively indicate that the trial court informed Smith of her rights and responsibilities under Sierah's Law before sentencing her. While defense counsel did not object below, this amounts to plain error. *See State v. Wooden*, 2022-Ohio-814, ¶ 26-29 (8th Dist.) (applying the plain error standard); *see also State v. Baker*, 2021-Ohio-4544, ¶ 21-22 (12th Dist.) (concluding that the trial court's failure to provide the defendant with proper notice under R.C. 2903.42(A)(1)(a) rendered the defendant's sentence contrary to law under R.C. 2953.08(G)(2)). As a result, this Court reverses and remands the matter for the trial court to

provide Smith with proper notice under Sierah's Law. *See* R.C. 2903.42. Smith's assignment of error is sustained.

## II.

{¶10} Smith's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
STEVENSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ALAN M. MEDVICK, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.